Wright, J.,
delivered the opinion of the Court.
The count of the indictment, upon which the prisoner was convicted, is framed upon sec. 4701 of the Code, for *173 obtaining property by a false pretense. The indictment was found, March, 1860.
The substance of the charge is, that, the prisoner, on. the first day of May, 1855, purchased from one Patterson a female slave, at the price of five hundred dollars; and paid him for the same, five one hundred dollar Bank Notes, purporting to have been issued by the Southwestern Railroad and Banking Co., at Charleston, South Carolina. The “false pretense” alleged, is, that the prisoner, falsely, fraudulently, and feloniously represented said notes to Patterson, to be good and genuine Bank Notes, well knowing at the time, that they were false, forged and fictitious, and that, in truth, no such corporation or company existed.
This conviction cannot be supported, as we held in a similar case at Jackson, some terms since.
The Act of fraudulently passing the counterfeit resemblance or imitation of any Bank Note, purporting to be of any corporation, company or person, although no such corporation, company or person exists, is, by our law, a distinct substantive felony, of higher grade, and different measure of punishment, than that of obtaining goods by false pretenses: See Code, sec. 4723.
The Statutory offense of passing counterfeit Bank Notes, was declared long since in this State.
The Statute, declaring the obtaining of goods by false pretenses, a felony, was enacted in 1841-2 j and whatever scope it may have been intended to have, we cannot, for a moment, suppose, that it was designed to embrace the subject matter of a distinct felony, long previously declared by the legislature, and differently punished. *174 Whatever may have been the particular mischiefs which led to the enactment of the Act of 1841-2, it must be held, that, the offense of passing counterfeit Bank Notes, was not one of them. To hold otherwise, would involve the law in confusion, and lead to absurd consequences. Different persons, for precisely the same criminal acts, would be liable to be differently punished, according as the prosecution might be conducted under the one Statute or the other.
To suppose that any such thing was contemplated, would be a grave reflection upon the legislature.
In this view, we have previously held, and, now again, repeat, that the passing, of counterfeit Bank Notes in payment or exchange for property purchased, is not a “false pretense,” within the meaning of the law, and an indictment for obtaining goods under false pretenses, will not be supported by such evidences.
As this is the only question properly presented for our consideration, we are relieved from the necessity of commenting upon the facts of the case 5 for the purpose of establishing, that, the evidence is, perhaps, of a character too uncertain and equivocal, to justify a prosecution against the prisoner, for any criminal offense whatever.
Judgment reversed.